LUMANA'I and TAUSISI SAUFO'I, Appellants

v.

**AMERICAN SAMOA GOVERNMENT,
CONTINENTAL INSURANCE COMPANY,
FATA HOLT, and KILISI PAULI, Appellees**

High Court of American Samoa
Appellate Division

AP No. 4-90

April 30, 1991

Before KRUSE, Chief Justice, FONG,[*] Acting Associate Justice, KLEINFELD,[**] Acting Associate Justice, VAIVAO, Associate Judge, LOGOAI, Associate Judge.

Counsel: For Appellants, Charles V. Ala'ilima
For Appellees Continental Insurance, Fata Holt, and Kilisi Pauli, Roy J.D. Hall, Jr.
For Appellee American Samoa Government, Arthur Ripley, Jr., Assistant Attorney General

Kruse, C.J.:

The appellants are the parents of a young child who was killed after being struck by a bus. They sued the bus driver, the bus owner, and the insurer of the bus. They also sued the American Samoa Government (ASG) in its capacity as the proprietor of an Early Childhood Education (ECE) pre-school center which the minor attended on the day of the fatality. Although the appellants in their pleadings below talked of damages in terms of "emotional distress," the trial division properly treated the suit as an action for wrongful death, pursuant to the remedial provisions of A.S.C.A. §§ 43.5001 et seq. Consequently, the Court awarded damages as follows: to the eligible survivors, the amount of $40,000.00 to compensate for pecuniary injury and loss of love and affection;[1] and to the minor's estate, the sum of $50.00 for medical expenses incurred by the minor.[2] In so holding, the trial division concluded culpable conduct on the part of the bus driver, the ECE teacher, and the appellants; however, the claim against the government as proprietor of the ECE center was dismissed. Further, the Court assessed liability at 50% for the driver, and hence his employer

---

[*]Honorable Harold M. Fong, Chief Judge, United States District Court, District of Hawaii, serving by designation of the Secretary of the Interior.

[**]Honorable Andrew J. Kleinfeld, Judge, United States District Court, District of Alaska, serving by designation of the Secretary of the Interior.

[1] *See* A.S.C.A. § 43.5001(c).

[2] *See* A.S.C.A. §43.5001(a).

and insurer, 25% for the teacher, and 25% for the appellants. *See Saufo'i v. American Samoa Gov't*, 14 A.S.R.2d 15 (1990).

The appellants appeal against the trial division's conclusions (a) dismissing the complaint against the government in its proprietary capacity and (b) holding the appellants comparatively negligent.

*Discussion*

*A. ASG Primary Liability*

Appellants first argue error with the trial division's failure to find the government negligent in its placement of the ECE center in a high-volume traffic area without providing sufficient safeguards.

The trial division, however, in concluding that ASG was not negligent in the placement of the ECE center, explained:

> Forced to choose between having early childhood education classes in private homes or not having them at all, ASG adopted a variety of safeguards --- very small class sizes, limitation of enrollment to children living in the immediate neighborhood, and especially the rule that parents must drop off and pick up their children from each class --- to minimize traffic safety problems. These measures . . . appear in general to be at least as effective as the designation of each ECE center as a school and posting of the surrounding area as a school zone.

*Id.* at 20. Furthermore, the Court also doubted the absence of traffic signs as being a cause-in-fact in circumstances where the vehicle was being driven at a speed below the usual posted school-zone limit and where the driver had acknowledged his previously seeing young children in the area at other times. *Id.*

Appellants have stated the standard for appellate review as "whether the facts and the law presented do not provide grounds for relief," (Appellants' Brief at page 3). If appellants are seeking a *de novo* review of the evidence together with our independent conclusions thereon, such relief is beyond our mandate as it is set out in A.S.C.A. § 43.0801(b). This enactment provides: "The findings of fact of the trial . . . [Court] may not be set aside by the appellate division unless clearly

erroneous." *See also* T.C.R.C.P. 52(a).[3] The "clearly erroneous" rule is also the standard for testing a lower court's findings of negligence. *McAlister v. United States*, 348 U.S. 19 (1954). *See also* 9 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2590 (1971). Additionally, the courts have also applied the clearly erroneous standard to related findings such as "proximate cause." *See* cases cited by Wright & Miller, Civil § 2590 at n.84.

Given our scope of review, and having thoroughly reviewed the record, we find substantial evidence from which the trial division could and did find that the government was not negligent in its placement of the ECE center.

### B. Appellants' Liability

On the other hand, we did not find sufficient evidence on the record to sustain the trial division's determination of negligence on the part of the appellants. The trial division essentially held that the appellants' entrustment of the minor to the teacher's after-school care was negligent. The court seemed to suggest that the appellants, more so than ASG, were in a better position to judge the strengths and weaknesses of the teacher because she was their relative. On the other hand, the court did not actually find that the teacher, albeit a relative, was the sort of person who could not be entrusted with the minor's safety. At the same time, we could not find on the record any evidence to that effect or anything to suggest that the teacher's want of care at the critical moment was other than an isolated lapse in attention. A conclusion of negligent entrustment is not supported by the record.

The trial division also appeared to suggest negligence on the part of the appellants because they knew about the school rule regarding the delivery and pickup of children, and yet they violated that rule by private arrangement with their relative, the teacher. The ECE Supervisor had instructed teachers that no student should be allowed into a class unless accompanied to the door by a parent or other adult. Again, the trial division did not make a finding, nor was it evident on the record, whether the rule's safety aspect was something that was either made known or readily apparent to the appellants. In any event, we have

---

[3] T.C.R.C.P. 52(a) provides: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses."

difficulty seeing why a school rule --- which is not inherently obvious as a safety measure --- could rise to the level of a general duty of care.

There was no evidence for the proposition that compliance with the rule would have prevented the accident. Had the rule been obeyed, one of the child's parents would have been at the school to take her home when school was supposed to end at 10:30 in the morning. But the teacher ended school early, at 9:15, because she had a doctor's appointment. Several children were still at school while the teacher was still cleaning up, and they all disappeared outside the door. Besides the teacher's child and the Saufo'i children, another child had not yet been picked up. Since all this happened at least a half-hour before the time the parents should have been there to pick-up the children at the end of school, the parents' failure to be there at 10:30 cannot be treated as a proximate cause of the accident. Evidently, pickups were disrupted by the early ending of school that day, independently of the teacher's prior undertaking to bring the Saufo'i children home.

We hold the trial division's finding of negligence on the part of the appellants to be unsupported by the evidence and, therefore, clearly erroneous.

## Conclusion

For reasons given, we affirm the trial division's finding that the American Samoa Government was not negligent in the placement of the ECE center and reverse the determination of negligence on the part of the appellants.

Accordingly, damages awarded in the amount of $40,050.00 shall be thus apportioned --- consistent with the trial division's comparative assessment of liability of the bus driver as being twice that of the teacher --- as follows: the bus driver, his employer and insured, 66.66% or $26,700.00; and the teacher and her employer ASG, 33.33% or $13,350.00.

It is so ordered.